HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Phone: (212) 513-3200
Fax:     (212) 385-9010

*Attorneys for Plaintiff,*
*Bionpharma, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIONPHARMA INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CORERX, INC.,<br><br>　　　　　　Defendant. | 1:21-cv-10656 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL PORTIONS OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING DECLARATION AND EXHIBITS**

Plaintiff, Bionpharma, Inc. ("Bionpharma" or "Plaintiff"), by and through undersigned counsel, respectfully moves this Court for the entry of an Order sealing (i) specific portions of Plaintiff Bionpharma's Brief in Support of Motion for Preliminary Injunction ("PI Motion"), (ii) specific portions of the Declaration of Venkat Krishnan in support of Plaintiff's Motion for Preliminary Injunction, (iii) specific portions of Exhibits F, I, J, L, M, N, and O to the Declaration of Venkat Krishnan, and (iv) specific portions of the Declaration of Marisa Marinelli, Esq. in Support of Plaintiff Bionpharma's Application for Order to Show Cause with Temporary Restraints, and Motion for Preliminary Injunction. In support of the foregoing, Plaintiff states as follows:

## ARGUMENT

This case arises out of Defendant CoreRx, Inc.'s ("CoreRx") breach of a certain Master Manufacturing Supply Agreement ("Agreement") entered into in November 2020 between the parties concerning, *inter alia*, terms under which CoreRx is to supply Bionpharma's requirements of enalapril solution (the "Product") for the resale of the generic to the branded product, Epaned. Bionpharma holds approved Abbreviated New Drug Application ("ANDA") A212408 for the Product and no other ANDA based on Epaned as the reference listed drug may be approved prior to February 13, 2022, making Bionpharma the only qualified seller for this time period. 21 U.S.C. § 355(j)(5)(B)(iv). CoreRx has advised Bionpharma that it will be unable to supply the Product beginning on December 1, 2021. Bionpharma has a Firm Order with CoreRx, entered into on August 26, 2021, which has thousands of bottles of Product outstanding. Bionpharma has filed its Motion for Preliminary Injunction, as it will suffer irreparable harm if CoreRx is not required to comply with the terms of the parties' Agreement and continue supplying the Product as per the Firm Order. Here, Bionpharma seeks an order allowing it to seal its confidential proprietary information concerning its pricing and costs, business and product development, and marketing strategies.

"[W]hen a district court ... considers a request to seal a file or to approve or take other protective measures, it enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." *Geller v. Branic Intern. Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). While there is a presumption of public access to judicial documents, documents "may be sealed if specific, on the record findings are made demonstrating closure is essential to preserve higher values and is narrowly tailored to serve

that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citing *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

When considering whether to issue a protective order, the Court must balance the demonstrated interest of the movant in the secrecy of the information in question against the importance of the material to the public's interest in access to such materials. *Gambale v. Deutsche Bank AG*, No. 02-cv-4791, 2003 WL 21511851, at *3 (S.D.N.Y. July 2, 2003) (citing *Nixon v. Warner Communications*, 435 U.S. 589, 597-99 (1978); *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)). The requisite good cause has been found where public access to the documents or information at issue will likely result in harm to the movant. Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard in this Circuit. *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (citing *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 2918026, at *2 (N.D.N.Y. June 18, 2019)).

Based on the foregoing, Bionpharma seeks an order sealing specific portions of its PI Motion and Declarations of Venkat Krishnan and Marisa Marinelli in support because these portions contain confidential information as to Bionpharma's business development, marketing strategies, and costs, the public disclosure of which could greatly harm Bionpharma. *See GoSMiLE, Inc. v. Dr. Johnathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *see also CSL Silicones, Inc. v. Midsun Group, Inc.*, No. 3:14-CV-1897 (CSH), 2017 WL 4750701, at *3 (D. Conn. July 12, 2017) ("[C]onfidential 'commercial information' of a business—including trade secrets, confidential

research, internal business documents and information about a business's operations—has been recognized repeatedly as a proper subject for sealing.") (citations omitted).

Further, Bionpharma seeks to redact specific portions of Exhibits F, I, J, L, M, N, and O to the Declaration. Exhibit F is the Agreement under which Bionpharma's claims in this lawsuit derive, and Bionpharma wishes to seal Attachment II to said Agreement because it contains sensitive pricing information specific to the contract between the parties. *See Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412 (S.D.N.Y. 2015), *on reconsideration in part*, No. 13-CV-8171 JMF, 2015 WL 3739276 (S.D.N.Y. June 15, 2015) (granting request to file exhibits that contained "highly confidential sales information, including pricing information" under seal). Bionpharma also seeks to redact specific portions of Exhibits I, J, L, M, N, and O because they all contain sensitive pricing information and purchase order terms specific to the parties, the public disclosure of which could aid Bionpharma's competitors. *See id.*; *see also generally Kewazinga Corp.*, 2021 WL 1222122, at *6 (citing *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021)).

As such, Bionpharma has shown good cause for the sealing of specific portions of each of the aforementioned documents and the redactions are narrowly tailored to serve Bionpharma's interest. *See Lugosch*, 435 F.3d at 120.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that this Court enter an Order sealing (i) specific portions of Plaintiff Bionpharma's Brief in Support of Motion for Preliminary Injunction, (ii) specific portions of the Declaration of Venkat Krishnan in support of Plaintiff's Motion for Preliminary Injunction, (iii) specific portions of Exhibits F, I, J, L, M, N, and O to the Declaration of Venkat Krishnan, and (iv) specific portions of the Declaration of Marisa Marinelli,

Esq. in Support of Plaintiff Bionpharma's Application for Order to Show Cause with Temporary Restraints, and Motion for Preliminary Injunction.

DATED:  December 13, 2021

                                                **HOLLAND & KNIGHT LLP**

                                                By: /s/ *Charles A. Weiss*
Charles A. Weiss
Marisa Marinelli
31 West 52nd Street
New York, NY 10019
Telephone:  (212) 513-3200
charles.weiss@hklaw.com
marisa.marinelli@hklaw.com

*Attorneys for Plaintiff,*
*Bionpharma, Inc.*