

**Buchanan**
**Ingersoll · Rooney**

**Peter S. Russ**
412 562 1416
peter.russ@bipc.com

501 Grant Street
Suite 200
Pittsburgh, PA 15219-4413
T 412 562 8800
F 412 562 1041

February 1, 2022

**VIA ECF**
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Bionpharma Inc. v .CoreRx, Inc.*, No. 21-cv-10656 (JGK)

Dear Judge Koeltl:

We are counsel to Defendant CoreRx, Inc. ("CoreRx") in this action.  Pursuant to Your Honor's Opinion and Order on Plaintiff Bionpharma Inc.'s ("Bionpharma") motion for a preliminary injunction (ECF No. 50), we respectfully submit herewith our objections to the proposed preliminary injunction that Bionpharma filed yesterday, January 31, 2022 (ECF No. 58).  CoreRx's proposal includes several additional provisions which we believe to be appropriate for inclusion in the preliminary injunction.  For the sake of full transparency, we address below the two most material of CoreRx's proposed changes.

First, CoreRx's proposal includes a modest increase in the unit price, from ███ to ███ per bottle, that Bionpharma is to pay to CoreRx for delivery of the requisite 18,000 bottles of product.[1]  This reflects an increase of approximately ███ in the unit price prescribed in the relevant purchase orders, which is consistent with the parties' agreed-upon price increases for the year 2022 for other products that CoreRx manufactures and supplies for Bionpharma under the same Master Manufacturing Supply Agreement (the "Agreement") at issue in this action.  This ███ increase cannot be deemed material from Bionpharma's perspective given that its own expert testified in connection with Bionpharma's preliminary injunction motion that a bottle of the product in question retails for between ███ and ███.  (*See* ECF No. 43, McSorley Decl. at ¶ 27 & Ex. T.)

---

[1] Consistent with the Order of this Court dated December 14, 2021 (ECF No. 21) and the parties' past practices in this action, we submit both this letter and the accompanying proposed injunction under seal, given their inclusion of pricing data.  We submit contemporaneously herewith redacted versions of these documents for filing on the public docket, in which these price figures, but nothing else, have been redacted.

February 1, 2022
Page - 2 -

     Second, CoreRx's proposal includes language regarding indemnification running to CoreRx in connection with any potential claims brought against it for fulfilling the preliminary injunction's production requirements.  We understood CoreRx's indemnification from Bionpharma to be an important factor bearing upon Your Honor's analysis in reaching its decision to award Bionpharma preliminary injunctive relief (*see* ECF No. 50, Slip op. at 4, 6, 23-24), and it is provided for under the Agreement (*see* ECF No. 1-1 at § 13.1) and was also raised by Bionpharma in its Complaint and preliminary injunction papers.  (*See* ECF No. 1, Compl. at ¶ 16; ECF No. 10, Krishnan Decl. at ¶ 11 & Ex. G).

     We greatly appreciate the Court's consideration and attention to this matter.


               Respectfully submitted,


               /s/ Peter S. Russ
               Peter S. Russ, Esq.


cc:    All Counsel of Record (via ECF)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| BIONPHARMA INC. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-10656-JGK |
| | ) | |
| v. | ) | **[PROPOSED]** |
| | ) | **PRELIMINARY INJUNCTION** |
| CORERX, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter having been opened to the Court by Holland & Knight LLP, attorneys for plaintiff Bionpharma Inc. (Charles A. Weiss, Esq. and Marisa Marinelli, Esq., appearing), on notice to and in the presence of Buchanan Ingersoll & Rooney PC, attorneys for defendant CoreRx, Inc. (Peter S. Russ, Esq. and Matthew L. Fedowitz, Esq., appearing), and the Court having considered the filings submitted by the parties and heard argument of counsel, for the reasons set forth in the Opinion and Order entered on January 27, 2022 (D.I. 50) and good cause appearing, it is ORDERED, ADJUDGED, AND DECREED that Bionpharma Inc.'s motion for a preliminary injunction shall be and hereby is GRANTED as follows:

1.      Defendant CoreRx, Inc. ("CoreRx"), its officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them who have actual notice of this preliminary injunction by personal service or otherwise are hereby ENJOINED AND RESTRAINED from failing to have CoreRx fill the orders for enalapril maleate oral solution ("Product") placed by Plaintiff Bionpharma Inc. ("Bionpharma") under the parties' Master Manufacturing Supply Agreement (the "Agreement") in purchase order 4500001497 and purchase order 4500001835, as more specifically set forth in paragraphs 2 through 4 below.

2.      CoreRx shall fill the balance of purchase order 4500001497, amounting to 12,459 bottles of Product by no later than March 18, 2022 according to the terms of the purchase order except for the unit price, which shall be increased by ███ , to ███ .

3.      CoreRx shall fill 5,549 of the 6,000 bottles of Product ordered by Bionpharma in purchase order 4500001835 by no later than March 31, 2022 according to the terms of the purchase order except for the unit price, which shall be increased by ███ , to ███ .

4.      For clarity, this preliminary injunction does not relieve Bionpharma of its obligation under the Agreement to pay CoreRx for the Product to be manufactured and delivered pursuant to paragraphs 2 and 3.  As stated in paragraphs 2 and 3, Bionpharma shall pay CoreRx ███ per bottle, which reflects a ███ increase in the unit price prescribed in the relevant purchase orders, commensurate with price increases for the year 2022 for other products CoreRx manufactures and supplies for Bionpharma.

5.      CoreRx may delay the manufacture of other products that it manufactures and supplies for Bionpharma as may be commercially reasonably necessary to comply with the terms of this Order.

6.      Consistent with the parties' prior discussions and Bionpharma's prior offer of indemnification to CoreRx, Bionpharma shall protect, defend, indemnify and hold harmless CoreRx and its officers, agents, servants and employees from and against any and all liabilities, losses, fines, costs, damages or expenses, including reasonable attorneys' fees (together, "Losses"), arising out of or due to the assertion of any claim by Azurity Pharmaceuticals, Inc. predicated upon CoreRx's manufacture and/or delivery of the Product to Bionpharma pursuant to the terms of this Order, without the necessity of CoreRx being required to first pay out of pocket for any such Losses.

IT IS FURTHER ORDERED that:

7.      The parties should immediately commence mediation as set forth in the Agreement.

8.      This case is stayed pending the conclusion of mediation or further order of the Court.

9.      The parties shall submit a joint status report by February 28, 2022.


_____
                                          JOHN G. KOELTL, U.S.D.J.

DATED: _____

3