# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Charles A. Weiss
+1 212-513-3551
Charles.Weiss@hklaw.com

February 3, 2022

*By ECF*

Hon. John G. Koeltl
U.S. District Court
500 Pearl St.
New York, NY 10007-1312

      Re:    <u>Bionpharma Inc. v. CoreRx, Inc., Civil Action No. 21-10656-JGK</u>

Dear Judge Koeltl:

      We represent plaintiff Bionpharma Inc. ("Bionpharma") in the above-referenced case. We write in response and opposition to the letter from proposed intervenor Azurity Pharmaceuticals, Inc. ("Azurity") seeking to expedite briefing on its motion to intervene. (D.I. 76).

      Because Azurity's motion to intervene is patently defective, the Court should summarily deny it now. If the Court desires full briefing on the motion, there is no need for expedited proceedings. To the extent that arguments which Azurity might raise on a motion for reconsideration have any merit and pass muster under Fed. R. Civ. P. 11 and Local Civil Rule 6.3—which they do not—they can be presented by defendant CoreRx, Inc. ("CoreRx").

**I.**      <u>**Azurity's motion is contrary to the Court's stay of proceedings**</u>

      In its Opinion and Order granting Bionpharma's motion for a preliminary injunction (D.I. 50), the Court stayed the case pending mediation. *Id.* at 25 ("The parties should immediately begin mediation as provided in their Agreement, and the case is stayed pending such mediation."). Consistent with that Order, CoreRx has not responded to the Complaint, although a response had been due (with an extension consented to by Bionpharma) on January 29, 2022. (D.I. 39).

      Bionpharma does not contend that the stay precludes <u>CoreRx</u> from seeking reconsideration of the preliminary injunction if warranted. But it makes no sense for this case to

Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Fort Worth | Houston
Jacksonville | Los Angeles | Miami | New York | Orange County | Orlando | Philadelphia | Portland
Richmond | San Francisco | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

be stayed as between the parties in furtherance of mediation while Azurity—an officious intermeddler—seeks to inject itself into the proceedings to present arguments for CoreRx.

Azurity's motion can be denied on this basis.

## II. Azurity failed to comply with Rule 24(c)'s obligation to attach a proposed pleading to its motion

In order to evaluate the propriety of motions to intervene, Rule 24(c) requires that such motions "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Generally speaking, motions to intervene for a limited purpose are prohibited absent purely collateral matters such as when a nonparty seeks access to a sealed document. *Tummino v. Hamburg*, No. 12-CV-763 ERK VVP, 2013 WL 3005554, at *2 (E.D.N.Y. Apr. 5, 2013) (denying motion to intervene for limited purpose as fundamentally illogical because the purpose of intervention under Rule 24 is for the intervenor to "come in as a party" in its own right, not to support one side or another); *N.Y. News, Inc. v. Newspaper and Mail Deliverers' Union of N.Y.*, 139 F.R.D. 291, 293 (S.D.N.Y.1991) ("it is clear that the Federal Rules do not anticipate limited, 'special status' intervenors").

Here, as best as can be determined, Azurity's desire to reargue the Court's preliminary injunction decision against Azurity's sister company CoreRx would seem to require Azurity to intervene as a defendant, which would require it to participate as a defendant for all purposes and annex a proposed Answer to its motion. And while some cases hold that the absence of an annexed pleading is a curable defect or otherwise not fatal to a motion to intervene, they do not apply here because Azurity's proposed role as intervenor is entirely unclear. This failure leaves Bionpharma to guess at the specific allegations and grounds upon which Azurity seeks to enter this action as a defendant. Absent a pleading, Bionpharma cannot present a full and complete opposition to the motion seeking to intervene.

Azurity's motion can be denied on this basis. *Tummino*, 2013 WL 3005554, at *2; *Kamerman v. Steinberg*, 681 F. Supp. 206, 211 (S.D.N.Y. 1988).

## III. Azurity presents no good reason for the Court to expedite briefing of its motion

If the Court does not summarily deny Azurity's motion and prefers full briefing, it should not expedite the briefing schedule.

As the Court knows, this is a contract dispute between Bionpharma and CoreRx. It is not a patent infringement case. Azurity's purported interest in restoring its monopoly position for branded Epaned (enalapril solution) is legally distinct from the issues at bar in this matter. The forum for Azurity to pursue its exclusionary efforts is the District of Delaware, or perhaps at the Federal Circuit, in its pending infringement cases against Bionpharma.

Azurity's failure to obtain the relief it sought in Delaware—its motion for a preliminary injunction against Bionpharma was denied, as was its motion for a preliminary injunction against a second generic filer Annora that will be eligible to launch its generic competitor as early as February 14, 2022 (upon the expiration of Bionpharma's first-filer generic exclusivity)—does not create an emergency for Azurity in this case. And again, if there are legitimate grounds for reconsideration, they can be raised by CoreRx.

Azurity's litigation tactics should also disqualify it from seeking expedited consideration. It withheld its motion until the eleventh hour, waiting to see how proceedings on Bionpharma's motion for a preliminary injunction played out, to (i) seek a second bite at the apple on behalf of CoreRx, (ii) disrupt and complicate this proceeding, (iii) impose additional litigation costs on Bionpharma, and (iv) attempt to interfere with Bionpharma's lawful competition.

Azurity has been on notice of this case, and Bionpharma's motion, since early December 2021, as is clear from the sham agreement between it and CoreRx. D.I. 70 § 6. Azurity's proposed basis to intervene raises no issues that were not known to Azurity months ago. Azurity's decision to wait for a ruling that it does not like does not warrant the expedited treatment it now seeks.[1]

Further, Azurity's delay of six days from the entry of the Court's Opinion and Order granting the preliminary injunction (D.I. 50) and its filing of the its motion countenances against an "expedited" schedule. Azurity's counsel attests that it was fully prepared to file its motion on the evening of Thursday, January 27, but became aware of this Court's Opinion and Order that same day. D.I. 69 ¶ 12. Taken at its word, Azurity only had to re-work was the last few pages of its brief, concerning reconsideration, but this process took it through the morning of Wednesday, February 2. Azurity therefore seeks to reserve for itself greater than five full days to complete less than one quarter of its brief, while demanding Bionpharma draft a full and complete response in barely two days beyond that. Either Azurity unnecessarily delayed in its own filing, and now seeks to handcuff Bionpharma by demanding an immediate response. Any emergency here is one of Azurity's own making.

The Court should not impose upon Bionpharma a burdensome and costly truncated briefing schedule.

\* \* \*

---

[1] Bionpharma refrains from putting the specifics of the Azurity/CoreRx agreement into this letter out of deference to Azurity's motion to seal. To be clear, however, Bionpharma contends that sealing is unwarranted, and will be opposing the motion to seal.

Hon. John G. Koeltl
February 3, 2022
Page 4

      For the reasons set forth above, the Court should deny Azurity's motion to intervene, or in the alternative deny its request for expedited briefing.

      Thank you for your consideration of this matter.

                                                   Respectfully yours,

                                                   /s Charles Weiss

                                                 Charles A. Weiss

cc:  All counsel of record (by ECF)