UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIONPHARMA INC., <br><br> Plaintiff, <br><br> v. <br><br> CORERX, INC., <br><br> Defendant. | Case No. 1:21-cv-10656-JGK <br><br> This Order is not binding on the Court or Court personnel. The Court reserves the Right to amend this Order at any time. |
| CORERX, INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> BIONPHARMA INC., <br><br> Counterclaim-Defendant. | |

### STIPULATION AND [PROPOSED] PROTECTIVE ORDER

WHEREAS, Plaintiff/Counterclaim-Defendant Bionpharma Inc. ("Bionpharma") and Defendant/Counterclaim-Plaintiff CoreRx, Inc. ("CoreRx") (each, a "Party," and collectively, the "Parties")[1] having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality/protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

---

[1] The definition "Parties" includes not only Bionpharma and CoreRx, but also their respective counsel of record in this action.

1. Any person subject to this Stipulation and Protective Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated "Confidential" pursuant to the terms of this Stipulation and Protective Order (hereinafter, "Confidential Material")[2] shall not disclose such Confidential Material to anyone else except as expressly permitted hereunder.

2. Either Party may designate any piece of Discovery Material, in whole or in part, as confidential if the Party determines, in good faith, that such designation is necessary to protect the Party's legitimate interests with respect to its trade secrets and/or other proprietary or commercially sensitive information.

3. With respect to the Confidential portion(s) of any Discovery Material other than deposition transcripts and deposition exhibits, the Party or person producing or disclosing the material (each, a "Producing Party") or its counsel shall designate such portion(s) as "Confidential" as follows:

   a. For documents produced in hard-copy or in a modifiable electronic format, the Producing Party shall stamp otherwise clearly mark as "CONFIDENTIAL" each applicable page of the document, or portion thereof, that is deemed Confidential in a manner that will not interfere with the document's legibility.

   b. For documents produced in native format and other non-imaged media, the Producing Party shall note the "Confidential" designation(s) in a cover letter accompanying the production and, to the extent practicable, also add the "Confidential" designation to the relevant file names in the load file provided with the electronic production.

---

[2] Extracts and summaries of Confidential Material shall also be treated as Confidential in accordance with the terms and provisions of this Stipulation and Protective Order.

For the avoidance of doubt, the provisions of this paragraph 3 applies not only to documents produced in this action, but also discovery responses exchanged in the course of the litigation such as, but not limited to, interrogatory responses and responses to requests for admission.

4. With respect to deposition transcripts and deposition exhibits, a Party or its counsel may designate any portion thereof as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the court reporter will mark it as "CONFIDENTIAL – GOVERNED BY PROTECTIVE ORDER"; or (b) notifying all counsel of record, by email or other writing, within twenty (20) days of receipt of the deposition transcript of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated as "Confidential," in which case all counsel who have or later receive the transcript are responsible for marking the copy or copies of the transcript in their possession or under their control in accordance with the designating Party's or counsel's specifications. During the period following the deposition, until all Parties have received the deposition transcript and for twenty (20) days following the last Party's receipt thereof, the entirety of the deposition, and all deposition exhibits, shall be deemed to be Confidential Material as if it had been so designated.

5. The Parties do not currently expect any substantial volume of documents or information to be produced in discovery that would require an "Attorneys' and Experts' Eyes Only" designation. If a Party has a reasonable, good faith belief that such a designation is warranted for a certain subset of documents or information, it may designate them accordingly before producing them, and the Party receiving such Discovery Material shall treat it according to such designation, pursuant to the same procedures by which a Party is to designate Discovery Material as "Confidential" as set forth in paragraphs 3 and 4 above. If a Party receiving such

Discovery Material objects to or disputes the propriety of such a designation with respect to any such Discovery Material, such dispute shall be handled in accordance with the procedure outlined in paragraph 10 below.

6. To the extent any documents or information have been produced prior to the Parties' execution of this Stipulation, the designation of any such material as "Confidential" or "Attorneys' and Experts' Eyes Only" may be done retroactively, by email or letter to the receiving Party that identifies such documents (or portions thereof) with specificity and the appropriate confidentiality designation for each. For the avoidance of doubt, in that event, the provisions of this Stipulation and Protective Order shall apply with equal and full force to such materials.

7. The terms of this Stipulation and Protective Order shall apply to discovery sought from non-parties to this litigation, and such non-parties may specifically avail themselves of the terms and protections of this Stipulation and Protective Order by designating their Discovery Material as Confidential Material consistent with the terms and procedures set forth herein, and any material so designated will be protected as provided herein as if such Discovery Material was being provided by a Party. To the extent that a Party seeks discovery from, or serves any discovery request (including subpoenas) on a non-party, that Party must provide the non-party with a copy of this Stipulation and Protective Order so as to inform the non-party of his, her or its rights hereunder.

8. In the event that any additional person or entity joins or is joined as a party in this action, such party shall not have access to Confidential Material until the party, by its counsel, executes and files with the Court its agreement to be fully bound by this Stipulation and Protective Order.

9. Confidential Material shall not be disclosed or used other than for prosecution and/or defense of this action, and for no other purposes whatsoever. Nothing contained in this Stipulation and Protective Order, however, affects or restricts a Party's rights with respect to the use or dissemination of its own documents or information produced in this action.

10. In the event any challenge or dispute arises with respect to a designation of confidentiality, counsel shall make a good-faith effort to resolve the dispute, and in the absence of a resolution after seven (7) days of such efforts, either Party may seek resolution by the Court. In the event of such a dispute, the Party that made the designation of confidentiality shall bear the burden of establishing the propriety of the designation. In the event such an application to the Court is made, the Discovery Material in question shall be deemed Confidential Material, with the same confidentiality designation as asserted by the Producing Party who made the designation, unless and until the Court rules otherwise.

11. Nothing in this Stipulation and Protective Order constitutes, or shall be construed as, an admission by any Party that any document or information disclosed in this action, or any deposition testimony relating to such document or information, is relevant or reasonably calculated to lead to the discovery of admissible evidence, or is or would be admissible in evidence in this action or in any other proceeding. Each Party reserves all rights to object to the relevance and/or admissibility of Discovery Material (Confidential or otherwise), as well as its rights to object to any discovery request or demand made upon it in this action. Further, for the avoidance of doubt, this Stipulation and Protective Order does not affect or restrict a Party's rights to use or disseminate its own Confidential Material as it sees fit.

12. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Material shall not be disclosed to any person or entity, except:

   a. Counsel of record for the Parties in this case, and each such counsel's respective employees and staff;

   b. Up to two (2) designated employees of each Party with responsibilities related to this case;

   c. The author, addressee, or any other person indicated on the face of the document as having received a copy;

   d. Consultants or experts retained by the respective Parties or their counsel of record to assist in the prosecution and/or defense of this case, including his or her staff;

   e. Litigation support vendors or service providers retained by a Party or its counsel of record to provide services in connection with this matter (*e.g.*, photocopying services, electronic discovery management, or preparation of exhibits or demonstratives for trial), including such vendors' or service providers' staff;

   f. Court reporters, stenographers, and/or video operators engaged to record and/or transcribe depositions or testimony in this action;

   g. Any mediators or arbitrators that the Parties engage with respect to this action or that the Court appoints;

   h. Any other person as agreed by the Parties in writing; and

   i. The Court (including any court personnel having access to Confidential Material by virtue of his or her position with the Court), and any appellate court and its applicable personnel, to the extent an appeal or appeals arise out of this action.

13. Prior to disclosing Confidential Material to any person or entity under subparagraphs 12(b) or 12(d) above, the counsel intending to make such disclosure shall:

    a. Inform the intended recipient of the confidential nature of the Discovery Material;

    b. Provide the intended recipient with a copy of this Stipulation and Protective Order;

    c. Require the intended recipient to sign a non-disclosure agreement in the form attached as **Exhibit A** hereto stating that he or she has read this Stipulation and Protective Order and agrees to be bound by its terms (a "Non-Disclosure Agreement"), and shall retain said signed Non-Disclosure Agreement;

    d. Provide written notice of the intended disclosure to the party whose Confidential Material will be disclosed, providing the following information:
        i. the intended recipient's present business address, employer, and position/title;

        ii. a list of prior employment or consulting relationships that the intended recipient has had with either of the Parties or their respective affiliates over the past five (5) years, if any;

        iii. the intended recipient's curriculum vitae (CV); and

        iv. a copy of the intended recipient's signed Non-Disclosure Agreement.

The Party whose Confidential Material is to be disclosed to the intended recipient may object, by email or other writing, to the intended disclosure within seven (7) days after receipt of such a written notice as provided for in subparagraph (d). In the event such an objection is made, counsel shall make a good-faith effort to resolve the objection, and if the Parties are unable to resolve the issue, either Party may seek resolution by the Court. If such an application is made within seven (7) days of the Parties' having reached an impasse, the Party intending to make the disclosure shall not make such disclosure until the Court has resolved the matter. If no such application is made within that 7-day period, any objection to the disclosure shall be deemed waived, and the party intending to make the disclosure may proceed. In the event such a dispute

is presented to the Court for resolution, the Party making the objection shall bear the burden of establishing the propriety of its objection.

14. Each person who has access to Confidential Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. The disclosure of Discovery Material without designating it as "Confidential" Material shall not constitute a waiver of the right to designate such Discovery Material as Confidential Material. If at any time a Producing Party realizes that some portion(s) of Discovery Material that it previously produced without limitation should have been designated as Confidential, or should have been given a different confidentiality designation than the one given, it may so designate it by notifying all prior recipients of the Discovery Material by email or other writing, in which case the portion(s) of the Discovery Material in question shall thence forth be deemed to be and treated in accordance with such confidentiality designation under the terms of this Protective Order. The Producing Party shall provide all recipients of the Discovery Material with replacement versions of the documents bearing the appropriate "Confidential" or "AEO" stamp, within 7 business days of providing such notice.

16. The Parties do not anticipate a need to produce or obtain documents with personally identifying information ("PII"), such as social security numbers or financial account numbers, but in the event that any PII is included in a document that is to be produced in discovery, the Producing Party shall endeavor to redact the PII prior to production. If any such documents are inadvertently produced without the appropriate redactions, any Party or person who receives those documents shall, promptly upon noticing the absence of such redaction(s), notify the Producing Party, and shall abide by the Producing Party's reasonable requests for remediation, such as by accepting a replacement document in which the PII has been properly

redacted and returning to the Producing Party or destroying the unredacted version of the document.

17. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected Discovery Material documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute or be construed as a waiver of any applicable privilege, protection or immunity from discovery with respect to this case or any other present or future proceeding. This Stipulation and Protective Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d).

18. A Party's designation of Discovery Material as "Confidential L" does not create a presumption that the material meets the legal standard for filing under seal. The Parties shall follow the Court's procedures with respect to filing under seal.

19. Within sixty (60) days of final disposition of this case (including any appeals), all recipients of Confidential Material (including any experts, third-party vendors or other persons specified in paragraph 12 above) shall, at the Receiving Party's option, (a) return all Confidential Materials to the Producing Party's counsel, or (b) certify, by email or other writing, that Confidential Materials have been destroyed, except that counsel of record shall be permitted to retain such materials in their working files in accordance with their usual document retention practices so long as the materials are maintained securely. Any such archival copies that contain or constitute Confidential Material shall remain subject to this Stipulation and Protective Order, which shall in all respects survive the termination of the litigation and continue to be binding upon all persons subject to it.

20.     Nothing herein shall preclude any Party from disclosing Confidential Material in its possession as may be required by law, such as in response to a properly-served subpoena or other compulsory process, provided that the Party in question shall (a) promptly and prior to the disclosure notify the Producing Party, in writing, of the circumstances compelling disclosure; and (b) to the maximum extent possible, assert this Stipulation and Protective Order as a defense to making any disclosure(s) for a reasonable period of time so as to provide the Producing Party an opportunity to seek appropriate relief.

21.     This Protective Order may be modified by further order of this Court, and is without prejudice to the rights of a Party to move for relief, by properly noticed motion to the Court, from any of its provisions, or to seek or agree to different or additional protection for any particular piece of Discovery Material.  Without limiting the generality of the foregoing, the Parties continue to discuss (through their respective counsel) potential modifications to paragraphs 9 and 12, and if no agreement is reached a Party may without prejudice seek modification of those paragraphs.

22.     The Parties agree to comply with and be bound by the terms of this Stipulation pending the Court's approval and entry thereof, and any violation of its terms shall be subject to the same penalties and sanctions as if this Stipulation had already been so-ordered by the Court.

/

/

/

/

/

/

23. All persons subject to this Protective Order acknowledge the willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof

SO STIPULATED AND AGREED.

/s/ Charles A. Weiss
Charles A. Weiss
Marisa A. Marinelli
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019

*Attorneys for Plaintiff/Counterclaim-Defendant Bionpharma Inc.*

Dated: May 6, 2022

/s/ Jacqueline M. Weyand*
Peter S. Russ
Jacqueline M. Weyand
BUCHANAN INGERSOLL & ROONEY PC
640 5th Avenue, 9th Floor
New York, NY 10019

*By Charles Weiss with Ms. Weyand's permission

*Attorneys for Defendant/Counterclaim-Plaintiff CoreRx, Inc.*

Dated: May 6, 2022

SO ORDERED.

_____
JOHN G. KOELTL, U.S.D.J.

Dated: New York, New York
        May 7, 2022

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIONPHARMA INC., <br><br> Plaintiff, <br><br> v. <br><br> CORERX, INC., <br><br> Defendant. <br><br> CORERX, INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> BIONPHARMA INC., <br><br> Counterclaim-Defendant. | Case No. 1:21-cv-10656-JGK |

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, state that:

    1.    My present employer is _____; and my work address is _____

_____.

    2.    My present occupation or job description is _____

_____.

A current and accurate copy of my curriculum vitae (CV) is attached.

    3.    My relationship to a party/the parties in this case is _____

_____.

4. I have carefully read and understood the provisions of the Stipulation and Protective Order in this case and agree to comply with, and to be bound by, all of the provisions of the Stipulation and Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Stipulation and Protective Order any Confidential Material or any words, summaries, abstracts, or indices of such Confidential Material disclosed to or created by me.

6. I will use Confidential Material disclosed to me solely for the purposes of the case.

7. After I have been informed of the final conclusion of this case, I will comply with paragraph 19 of the Stipulation and Protective Order concerning the return or destruction all Confidential Material and any and all summaries, abstracts, and indices thereof in my possession, and documents or things which I have prepared relating thereto, to counsel for the Party that retained me in the matter.

8. I agree to submit myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this undertaking.

9. I understand that if I violate the provisions of the Stipulation and Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

Date: _____          _____

                                                [Signature]


                                                _____

                                                [Printed Name]