```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------
BIONPHARMA INC.,

                Plaintiff,        21-cv-10656 (JGK)

    - against -             MEMORANDUM OPINION AND
                                            ORDER
CORERX, INC.,

                Defendant.
-----------------------------------

JOHN G. KOELTL, District Judge:

    On June 7, 2022, the defendant, CoreRx, Inc. ("CoreRx"), moved to stay this action pending resolution of the consolidated actions in Azurity Pharmaceuticals, Inc. v. Bionpharma, Inc., Nos. 21-cv-1286 (D. Del. filed June 22, 2021), 21-cv-1455 (D. Del. filed Oct. 15, 2021) (the "Delaware Actions"). ECF No. 140. For the reasons that follow, the motion to stay is **denied**.

I.

    The Court assumes general familiarity with the facts of this case, which are set forth in greater detail in Bionpharma Inc. v. CoreRx, Inc. (Bionpharma I), 2022 WL 246742 (S.D.N.Y. Jan. 27, 2022), and Bionpharma Inc. v. CoreRx, Inc. (Bionpharma II), 2022 WL 580767 (S.D.N.Y. Feb. 24, 2022).

    In brief, Bionpharma Inc. ("Bionpharma") is a generic pharmaceutical company that sells an enalapril maleate oral solution product (the "Product") that is marketed as a generic version of the branded drug "Epaned." Bionpharma I, 2022 WL 246742, at *1. Epaned is owned by Azurity, a pharmaceutical

1

company that is a direct competitor to Bionpharma. Id. Azurity and its predecessor company have initiated a flurry of patent litigation against Bionpharma — including the Delaware Actions — for alleged violations of the Epaned patents since August 2018, when Bionpharma submitted an Abbreviated New Drug Application to the Federal Drug Administration. Id. at *1-2. So far, none of these lawsuits have been successful. Id. The Delaware Actions are ongoing and are set for trial in February 2024. See Azurity, No. 21-cv-1286, ECF No. 125; Azurity, No. 21-cv-1455, ECF No. 36.

In November 2020, Bionpharma and CoreRx, a pharmaceutical Contract Development Manufacturing Organization, entered into an agreement (the "Agreement"), whereby CoreRx agreed to manufacture Bionpharma's Product for commercial sale. Bionpharma I, 2022 WL 246742, at *1. At some point after this Agreement was signed, Azurity became CoreRx's sister company. Bionpharma II, 2022 WL 580767, at *2. The companies' boards share a number of members, and the companies are owned by the same entity. Id.

In October 2021, Azurity filed two lawsuits against CoreRx, alleging that CoreRx's actions in manufacturing the Product for Bionpharma infringed two patents that Azurity had asserted against Bionpharma. See Azurity Pharms., Inc. v. CoreRx, Inc., 21-cv-1522 (D. Del. filed Oct. 27, 2021); Azurity Pharms., Inc. v. CoreRx, Inc., 8:21-cv-2515 (M.D. Fla. filed Oct. 26, 2021).

Thereafter, CoreRx and Azurity entered into a confidential settlement agreement (the "Settlement Agreement"), pursuant to which Azurity released any claims for patent infringement against CoreRx in exchange for CoreRx's promise that it would not manufacture and supply the Product for Bionpharma. See ECF No. 54-1. The Settlement Agreement also provided that Azurity would indemnify CoreRx for any resulting litigation. Id. § 6.

On November 30, 2021, CoreRx notified Bionpharma that, "as of December 1, 2021, CoreRx will be unable to supply enalapril maleate for [Bionpharma's Product]." Bionpharma I, 2022 WL 246742, at *3. After a brief, unsuccessful attempt by Bionpharma and CoreRx to resolve the matter amicably, Bionpharma brought this action on December 13, 2021. ECF No. 1. On the same day, Bionpharma moved for a preliminary injunction, ECF No. 8, which the Court granted on January 27, 2022, see Bionpharma I, 2022 WL 246742; see also ECF No. 79. After this Court denied CoreRx's motion to stay the preliminary injunction, Bionpharma II, 2022 WL 580767, and the Second Circuit Court of Appeals likewise denied CoreRx's motion to stay the preliminary injunction, ECF No. 111, CoreRx complied with the preliminary injunction and delivered the outstanding orders for the Product to Bionpharma.

On March 30, 2022, CoreRx filed an answer to Bionpharma's claims, and asserted counterclaims against Bionpharma for breach

3

of the contractual covenant of good faith and fair dealing, and for unjust enrichment. ECF No. 114.

On April 1, 2022, Azurity filed suit against CoreRx in the Middle District of Florida (the "Florida Action"), reasserting its claims for patent infringement and asserting a claim for breach of the Settlement Agreement. See Azurity Pharms., Inc. v. CoreRx, Inc., No. 8:22-cv-784 (M.D. Fla. filed Apr. 1, 2022).

On April 25, 2022, this Court approved the parties' proposed case management plan and report of their meeting pursuant to Federal Rule of Civil Procedure 26(f) (the "Rule 26(f) Report"). ECF No. 122. The parties agreed that they would be ready for a bench trial by May 2023, and estimated that 3-5 days would be sufficient to try the issues in this case. Id.

On April 29, 2022, Bionpharma moved to dismiss CoreRx's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) and moved for summary judgment as to Bionpharma's claim for declaratory judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 126. This motion is now fully briefed.

On May 18, 2022, Azurity and CoreRx jointly filed a motion in the Florida Action to stay that action pending resolution of the Delaware Actions. Azurity Pharms., No. 8:22-cv-784, ECF No. 13. This joint motion was granted on May 20, 2022. Id., ECF No. 14.

On June 7, 2022, relying extensively on the fact that the court in the Florida Action had stayed that case, CoreRx filed a motion to stay this action pending resolution of the Delaware Actions. ECF No. 140. Bionpharma opposed the motion. See ECF No. 147.

**II.**

The Court may decide in its discretion to stay civil proceedings pursuant to the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigant." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96-97 (2d Cir. 2012). "The person seeking a stay bears the burden of establishing its need." Id. at 97.

In determining whether to stay an action pending resolution of a case proceeding before another court, the Court considers "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation, as balanced against the prejudice to the plaintiffs if the litigation is delayed; (2) the private interests of and burden on the defendant; (3) the interests of the courts; (4) the interests of persons not party to the civil litigation; and (5) the public interest." Ranvir Yadav v. Rajeev Punj, No. 11-cv-1500, 2011 WL 2714223, at *1 (S.D.N.Y. July 12, 2011). "[T]he basic goal is to avoid

5

prejudice." Laumann v. Nat'l Hockey League, No. 12-cv-1817, 2013 WL 837640, at *2 (S.D.N.Y. Mar. 6, 2013).

### III.

The relevant factors do not favor a stay in this case. First, it is plain that Bionpharma has an interest in the prompt resolution of its claims, and that it would be significantly prejudiced if this litigation were delayed. The Delaware Actions are not set for trial until February 2024 — about nine months after this case is set for trial — and it is unlikely that a verdict in the Delaware Actions would result in immediate action in this case given the possibility of post-trial motions and an appeal to the Federal Circuit Court of Appeals. Accordingly, a stay in this case is likely to result in a considerable delay. This long delay would be prejudicial, and is "likely [to] result in greater inefficiencies to the Court and litigants than simply permitting the litigation to proceed on schedule." See Laumann, 2013 WL 837640, at *3; see also Genoa Color Techs., Ltd. v. Samsung Elecs. Am., Inc., No. 07-cv-6233, 2008 WL 754681, at *1 (S.D.N.Y. Mar. 12, 2008). This is particularly true given that there is a fully briefed motion to dismiss and for summary judgment by Bionpharma that is pending in this case, and the Court has already found that Bionpharma has a likelihood of success on the merits of its claims. See Bionpharma I, 2022 WL 246742, at *6-7.

Second, the private interests of and burdens on CoreRx do not weigh in favor of a stay. CoreRx agreed to litigate and to conduct discovery in this case according to a Rule 26(f) Report that was finalized just over two months ago. Nothing has transpired within that period of time that poses any new burden of litigating this case on CoreRx. Moreover, it is undisputed that CoreRx's costs in this litigation are being covered by Azurity. Any costs associated with this litigation are therefore of little relevance to calculating the burdens on CoreRx of not staying this case. CoreRx's other asserted burdens are also insufficient.

Finally, the courts, third parties, and the public do not have a compelling interest in staying this case. CoreRx's main argument in support of its motion is that all relevant parties will be burdened by "what will doubtlessly be a complex, time-intensive and costly discovery process when much or all of that discovery will, in the end, have been for naught." Mot. to Stay 9, ECF No. 142. But the issues in this case do not so substantially overlap with those in the Delaware Actions that discovery in the cases would be duplicative, or that judicial resources would be wasted. Indeed, whether or not Azurity is successful in the Delaware Actions — that is, whether Bionpharma is found to have violated Azurity's patents — does not dispose of Bionpharma's claim that CoreRx breached the Agreement when it

7

refused to supply the Product to Bionpharma in advance of such finding. See Bionpharma I, 2022 WL 246742, at *6 ("CoreRx has pointed to no case holding that a competitor's unsubstantiated allegation that another company's product violates its patents thereby voids that company's contracts."). Nor would disposition of the Delaware Actions settle CoreRx's counterclaims that Bionpharma breached the contractual covenant of good faith and fair dealing, or was unjustly enriched. A stay in these circumstances is unwarranted. See In TouchTunes Music Corp. v. Rowe Int'l Corp., 676 F. Supp. 2d 169, 177 (S.D.N.Y. 2009).

It is finally worth noting that, while CoreRx urges this Court to follow the stay issued in the Florida Action, that stay is not persuasive here. The stay in the Florida Action was entered after CoreRx and Azurity — sister companies — jointly moved for that stay. Because the posture in this case is substantially different — with Bionpharma seriously opposing a stay — the agreed-upon stay in the Florida Action is not persuasive.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not addressed above, the arguments are either moot or without merit. For the foregoing reasons, the

8

motion to stay this proceeding is **denied.** The Clerk is directed to close ECF No. 140.

**SO ORDERED.**

Dated:    New York, New York
          June 27, 2022

                                             _____
                                                     John G. Koeltl
                                             **United States District Judge**