UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BIONPHARMA INC.,

                         Plaintiff,                    21-cv-10656 (JGK)

          - against -                                  MEMORANDUM OPINION
                                                       AND ORDER
CORERX, INC.,

                         Defendant.

---

JOHN G. KOELTL, District Judge:

    The plaintiff, Bionpharma Inc. ("Bionpharma"), brought this
action against the defendant, CoreRx, Inc. ("CoreRx"), for
breach of contract and a declaratory judgment that CoreRx
breached the parties' Master Manufacturing Supply Agreement (the
"Agreement"). CoreRx brought counterclaims for breach of the
covenant of good faith and fair dealing and for unjust
enrichment. Bionpharma now moves to dismiss CoreRx's
counterclaims pursuant to Federal Rule of Civil Procedure
12(b)(6) or for summary judgment as to CoreRx's counterclaims
pursuant to Federal Rule of Civil Procedure 56. Bionpharma also
moves for summary judgment on its claim for a declaratory
judgment.

    For the following reasons, Bionpharma's motion to dismiss
CoreRx's first counterclaim is **granted**, Bionpharma's motion to
dismiss, or for summary judgment on, CoreRx's second
counterclaim is **denied**, and Bionpharma's motion for summary
judgment granting it a declaratory judgment is **denied**.

**I.**

The Court assumes familiarity with the facts of this case, which the Court detailed in earlier Opinions. See Bionpharma Inc. v. CoreRx, Inc., 582 F. Supp. 3d 167 (S.D.N.Y. 2022); Bionpharma Inc. v. CoreRx, Inc., No. 21-cv-10656, 2022 WL 2316182 (S.D.N.Y. June 27, 2022); Bionpharma Inc. v. CoreRx, Inc., No. 21-cv-10656, 2022 WL 580767 (S.D.N.Y. Feb. 24, 2022).

**II.**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the counterclaims are accepted as true, and all reasonable inferences must be drawn in the pleader's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the [counterclaims themselves are] legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the counterclaims if the pleader has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the [pleader] pleads factual content that allows the court to draw the reasonable inference that the [opponent] is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). But while the Court should construe the factual

2

allegations in the light most favorable to the proponent, "the tenet that a court must accept as true all of the allegations contained in the [counterclaims] is inapplicable to legal conclusions." Id.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the counterclaims, documents that the pleader relied on in bringing suit and that are in the pleader's possession or that the pleader knew of when bringing suit, and matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

New York law applies to CoreRx's counterclaims because "[t]he parties' briefs assume that New York law controls, and such implied consent is sufficient to establish choice of law." Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000).

### III.

Bionpharma has moved to dismiss CoreRx's counterclaim for breach of the covenant of good faith and fair dealing. Under New York law, "implicit in every contract is a covenant of good faith and fair dealing." JN Contemp. Art LLC v. Phillips Auctioneers LLC, 29 F.4th 118, 128 (2d Cir. 2022). The covenant prevents a party to a contract from "destroying or injuring the right of the other party to receive the fruits of the contract."

Id. The covenant incorporates "any promises which a reasonable person in the position of the promisee would be justified in understanding were included," Rowe v. Great Atl. & Pac. Tea Co., 385 N.E.2d 566, 569 (N.Y. 1978), but it "cannot negate express provisions of the agreement," Transit Funding Assocs., LLC v. Cap. One Equip. Fin. Corp., 48 N.Y.S.3d 110, 114 (App. Div. 2017). The implied covenant also cannot "add terms to the contract that do not exist." Concesionaria DHM, S.A. v. Int'l Fin. Corp., 307 F. Supp. 2d 553, 564 (S.D.N.Y. 2004).

CoreRx has not sufficiently alleged that Bionpharma breached the implied covenant. CoreRx alleges that the Agreement "created a reasonable expectation" that "Bionpharma had free and clear ownership to the intellectual property to be used by CoreRx" in manufacturing Bionpharma's generic enalapril maleate product, see Redacted Counterclaims, ECF No. 115, at ¶ 43, and that Bionpharma "deprived CoreRx of the benefit it bargained for in the Agreement" by exposing CoreRx to patent infringement liability to Azurity if CoreRx performed under the Agreement, id. ¶ 70-71. But the Agreement expressly contemplated the possibility of patent infringement claims by third parties yet declined to impose a duty on Bionpharma to avoid exposing CoreRx to allegations of patent infringement. Noninfringement was not among the warranties enumerated at Sections 12.1 and 12.2 of the Agreement. See Complaint, Ex. A, ECF No. 1-1, at 21-22. Section

12.8 of the Agreement also "specifically excluded and disclaimed" any implied warranty of "non-infringement." Id. at 23. And Section 13.1 provided that Bionpharma would indemnify CoreRx for claims by third parties that "the use of the Bion[pharma] Intellectual Property by CoreRx . . . infringes the intellectual property rights of such Third Party." Id. The implied covenant encompasses only unstated promises that a reasonable party would conclude are part of a contract, see JN Contemp., 29 F.4th at 128, and no reasonable company in CoreRx's position would believe that the Agreement implied a covenant that CoreRx would never face a claim for patent infringement.

CoreRx argues that the disclaimers of warranties of non-infringement in the Agreement concern only patents in Azurity's possession at the time the Agreement was executed in November 2020. CoreRx argues that the Agreement could not have contemplated anything about Bionpharma's intellectual property concerning the patents that Azurity obtained in June and October 2021 and eventually asserted against CoreRx. But that only makes CoreRx's claim for breach of the implied covenant even more implausible. CoreRx does not plead facts showing that Bionpharma took advantage of CoreRx by failing to warn it of patents that did not yet exist at the time the Agreement was signed.

Because CoreRx has not pleaded that Bionpharma breached the implied covenant of good faith and fair dealing, Bionpharma's

5

motion to dismiss CoreRx's first counterclaim is **granted**. The Court **denies as moot** Bionpharma's motion for summary judgment on CoreRx's first counterclaim. See Northwell Health, Inc. v. Lexington Ins. Co., 550 F. Supp. 3d 108, 122 (S.D.N.Y. 2021).

### IV.

Bionpharma also moves to dismiss, or for summary judgment on, CoreRx's second counterclaim for unjust enrichment.

### A.

"To state a claim for unjust enrichment in New York, a plaintiff must allege that (1) defendant was enriched; (2) the enrichment was at plaintiff's expense; and (3) the circumstances were such that equity and good conscience require defendants to make restitution." Labajo v. Best Buy Stores, L.P., 478 F. Supp. 2d 523, 531 (S.D.N.Y. 2007).

CoreRx has plausibly alleged the elements of unjust enrichment. CoreRx alleges that Bionpharma, through its representation on the CoreRx board at the time the Agreement was negotiated, exerted undue influence over CoreRx in order to convince CoreRx to accept a unit price for Bionpharma's generic product that was financially detrimental to CoreRx and financially lucrative to Bionpharma. See Redacted Counterclaims ¶ 76. CoreRx further alleges that it is "against equity and good conscience to permit Bionpharma to keep the

quantifiable benefits – that being, increased profits – derived from this conduct, at CoreRx's expense." Id. ¶ 78.

Bionpharma argues that the existence of the Agreement – the validity of which CoreRx concedes in its counterclaim for breach of the implied covenant – precludes CoreRx's claim for unjust enrichment. This argument is without merit. It is true that "[w]here the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded." IDT Corp. v. Morgan Stanley Dean Witter & Co., 907 N.E.2d 268, 274 (N.Y. 2009). But "[w]hen there is a bona fide dispute as to the existence of a contract, a party may proceed upon a theory of unjust enrichment, and an unjust enrichment claim may be alleged alongside a breach of contract claim." Picture Patents, LLC v. Aeropostale, Inc., No. 07-cv-5567, 2009 WL 2569121, at *3 (S.D.N.Y. Aug. 19, 2009).

In this case, CoreRx's Answer pleaded several affirmative defenses to Bionpharma's contract-based claims, including that the Agreement is unenforceable under the doctrines of federal preemption, frustration of purpose, commercial impracticability, and impossibility of performance. See ECF No. 115 at 10-11. The Court has not yet ruled on these defenses. At this stage, "there is a dispute over the existence of a contract" between

7

Bionpharma and CoreRx. Picture Patents, 2009 WL 2569121, at *3.
Accordingly, CoreRx may plead unjust enrichment as an
alternative theory to breach of contract without conceding the
validity of the Agreement, and Bionpharma's motion to dismiss
CoreRx's unjust enrichment counterclaim is **denied.**

**B.**

  Along with its motion to dismiss, Bionpharma submitted a
Local Rule 56.1 statement and two declarations. Bionpharma asks
the Court to consider these materials and to convert its motion
to dismiss CoreRx's unjust enrichment counterclaim into a motion
for summary judgment.

  A court may treat a motion to dismiss as a motion for
summary judgment only when all parties are "given a reasonable
opportunity to present all the material [outside the pleadings]
that is pertinent to the motion." Fed. R. Civ. P. 12(d). The
"essential inquiry" is whether the non-movant was "taken by
surprise and deprived of a reasonable opportunity to meet facts
outside the pleadings." Krijn v. Pogue Simone Real Est. Co., 896
F.2d 687, 689 (2d Cir. 1990).

  The Court declines to convert Bionpharma's motion to
dismiss CoreRx's second counterclaim into a motion for summary
judgment. "[S]ummary judgment motions prior to discovery are
disfavored." Houlahan v. Raptor Trading Sys., Inc., No. 16-cv-
9620, 2018 WL 3231662, at *5 (S.D.N.Y. Feb. 12, 2018). When the

motions now before the Court were briefed, initial disclosures
had only just been exchanged, the parties had exchanged no
written discovery, and depositions were months away. CoreRx thus
had no opportunity to obtain the discovery necessary to refute
Bionpharma's factual submissions or to challenge Bionpharma's
declarant, Todd Daviau. Accordingly, "[b]ecause the parties have
not engaged in discovery and the plaintiff has not had the
opportunity to gather and present evidence in opposition to the
defendants' motion, the Court declines to convert the motion
into one for summary judgment." Fargas v. Cincinnati Mach., LLC,
986 F. Supp. 2d 420, 421 (S.D.N.Y. 2013).

## V.

Finally, Bionpharma moves for summary judgment on Count II
of the complaint, which seeks a declaratory judgment that CoreRx
breached the Agreement.

This motion is denied in the exercise of the Court's
discretion. Under the Declaratory Judgment Act, a court may
"declare the rights and other legal relations of any interested
party seeking such declaration, whether or not such further
relief is or could be sought," in a "case of actual
controversy." 28 U.S.C. § 2201. In deciding whether to entertain
an action for declaratory judgment, courts consider "(1) whether
the judgment will serve a useful purpose in clarifying or
settling the legal issues involved; and (2) whether a judgment

would finalize the controversy and offer relief from uncertainty." Dow Jones & Co. v. Harrods Ltd., 346 F.3d 357, 359 (2d Cir. 2003) (per curiam).

There is no basis to believe that declaratory judgment would be useful at this point. Bionpharma seeks a declaratory judgment that CoreRx breached the Agreement, but CoreRx contests that the Agreement is enforceable. Discovery only recently began, and Bionpharma's claim for breach of contract has yet to be decided. Given the lack of discovery and the preliminary nature of the litigation, a grant of declaratory judgment would not serve a useful purpose.

Bionpharma argues that it is entitled to summary judgment because this Court previously granted Bionpharma's application for a preliminary injunction. But "[p]reliminary injunction decisions rule on only the probability of success on the merits rather than the merits themselves." Brokers' Assistant, Inc. v. Williams Real Estate Co., Inc., 646 F. Supp. 1110, 1119 n.34 (S.D.N.Y. 1986). In its preliminary injunction ruling, the Court found only that Bionpharma had demonstrated a likelihood of succeeding on the merits of its two contract-based claims, not that the claims were in fact meritorious. See Bionpharma, 582 F. Supp. 3d at 176-78. Because the factual record in this case remains undeveloped, Bionpharma's motion for summary judgment on its declaratory judgment claim is denied.

**CONCLUSION**

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, Bionpharma's motion to dismiss CoreRx's first counterclaim is **granted**, Bionpharma's motion to dismiss or for summary judgment on CoreRx's second counterclaim is **denied**, and Bionpharma's motion for summary judgment granting it a declaratory judgment is **denied.**

**SO ORDERED.**

Dated:     New York, New York
           November 15, 2022

                             John G. Koeltl
                    United States District Judge