**NORTON ROSE FULBRIGHT**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States

November 29, 2022

**SO ORDERED**

*/s/ Valerie Figueredo*
VALERIE FIGUEREDO
United States Magistrate Judge
Daated:11-30-2022

Plaintiff has until 12/9/22 to respond to Defendant-Counterplaintiff's letter (ECF No. 167). The issues raised in ECF No. 167 will be addressed at the 12/13/22 conference.

**VIA ECF**
The Honorable Valerie Figueredo
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: <u>*Bionpharma Inc. v. CoreRx, Inc.*</u>, Case 1:21-cv-10656-JGK-VF (S.D.N.Y.)

Dear Judge Figueredo:

Pursuant to Local Civil Rule 37.1, the Court's Individual Practices Rule II.c, and the order referring discovery disputes in the above-captioned action to you (Dkt. 165), we write on behalf of Defendant-Counterplaintiff CoreRx, Inc. ("<u>CoreRx</u>") to seek a pre-motion conference to respectfully request that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) quashing two deposition notices issued by Plaintiff-Counterdefendant Bionpharma Inc. ("<u>Bionpharma</u>") for the depositions of two members of CoreRx's Board of Directors—Frank Leo and Ashton Poole—who lack relevant knowledge. Because the Court has set a discovery conference for December 13, 2022, at the request of Bionpharma (Dkt. 166), we propose including CoreRx's request for relief on the agenda for the December 13 Conference.

In an effort to avoid burdening the Court with this request, on November 17, 2022, my colleague Matthew Niss and I met and conferred with Brian Murray, attorney for Bionpharma, for approximately 20 minutes. During that meet and confer, the parties agreed that they are at impasse because CoreRx's position is that neither Mr. Leo nor Mr. Poole should be deposed because they do not have any relevant knowledge, but Bionpharma insists on the depositions. CoreRx asked Bionpharma to raise the issue in its November 18, 2022 letter to the Court seeking a discovery conference on other issues so that all discovery issues could be considered at one time. (*See* Dkt, 164). Bionpharma refused. Both in the meet and confer and in subsequent correspondence, CoreRx informed Bionpharma that it would seek relief from the Court.

**A.   <u>Background</u>**

On November 15, 2022, Bionpharma noticed the depositions of two members of CoreRx's board of directors, Frank Leo and Ashton Poole. (Ex. A). Mr. Leo is also on the board of Azurity Pharmaceuticals ("<u>Azurity</u>"). (Leo Declaration (Ex. B) ¶ 2). Mr. Poole was formerly a member of the Azurity Board. (Poole Declaration (Ex. C) ¶ 2).

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.



November 29, 2022
Page 2

### B.    Mr. Leo and Mr. Poole Were Not Involved in any Events Giving Rise to this Action.

Bionpharma cannot articulate any credible reason why Mr. Leo and Mr. Poole should be deposed. Mr. Leo and Mr. Poole joined the CoreRx Board in January 2021, *after* Bionpharma and CoreRx entered into the November 2020 agreement that Bionpharma claims CoreRx breached. (Leo Declaration (Ex. B) ¶ 1; Poole Declaration (Ex. C) ¶ 1). At the meet and confer held by the parties on November 17, 2022, counsel for Bionpharma indicated that Bionpharma sought to depose Mr. Leo and Mr. Poole because they are directors at both CoreRx and Azurity, and would therefore have unique insight into the settlement agreement between CoreRx and Azurity (the "Settlement Agreement") and the relationship between the two companies. This reasoning is incorrect both factually and legally.

Neither Mr. Leo nor Mr. Poole had any involvement with the Settlement Agreement. (Leo Declaration (Ex. B) ¶ 4; Poole Declaration (Ex. C) ¶ 4) . Neither of them had advance knowledge of any lawsuit brought by Azurity against CoreRx and did not learn of any lawsuit until after the respective lawsuit had been filed. (Leo Declaration (Ex. B) ¶ 4; Poole Declaration (Ex. C) ¶ 4). Mr. Leo and Mr. Poole are not involved in the daily management of CoreRx and neither had any involvement in CoreRx's decision whether to manufacture or not manufacture enalapril maleate oral liquid solution (the "Product") and sell it or not sell it to Bionpharma, the decision which forms the basis of Bionpharma's claims.[1] (Leo Declaration (Ex. B) ¶ 3; Poole Declaration (Ex. C) ¶ 3).

Even if Mr. Leo and Mr. Poole had information regarding the Settlement Agreement or the nature of the relationship between CoreRx and Azurity, which they do not, that information would not be relevant. CoreRx's position has been that it cannot manufacture the Product under the agreement between CoreRx and Bionpharma because patents held by Azurity would be infringed in violation of the United States patent laws if CoreRx manufactured and sold the Product to Bionpharma. (*See* Dkt. 115 (stating as Second Affirmative Defense that "each cause of action pleaded therein, is preempted by one or more statutes, rules, standards and/or regulations of the United States government including, but not limited to, the federal Patent Act"); *see also* Dkt. 32 at 8-12 (explaining that the Contract is preempted by federal Patent Act and void for illegality)). Azurity has a pending lawsuit against Bionpharma for the infringement by Bionpharma of those patents by the sale of the Product. CoreRx does not assert as a defense to the alleged breach of contract that it has a Settlement Agreement with Azurity. Even if the Settlement Agreement were relevant, it has been filed as an exhibit in this action and is available to Bionpharma. (Dkt. 114-3). The relationship between CoreRx and Azurity and any communications regarding the Settlement Agreement are immaterial to this lawsuit.

---

[1] CoreRx's May 13, 2022 Initial Disclosures listed Mr. Leo and Mr. Poole as having relevant information. But after further investigation and as described in this letter, CoreRx determined neither has relevant information. CoreRx served amended disclosures on November 9, 2022, which does not list either Mr. Leo or Mr. Poole.



November 29, 2022
Page 3

### C.    Mr. Poole and Mr. Leo Do Not Have Unique Knowledge and Should Not be Deposed.

A deposition of a director should not be permitted unless the opposing party can demonstrate the director has "unique knowledge" pertinent to the issues in the case. *Guzman v. News Corp.*, No. 09 CIV. 9323, 2012 WL 2511436, at *1 (S.D.N.Y. June 29, 2012) (denying deposition because "[p]laintiffs have not produced any evidence that [chairman of the company] has any special or unique knowledge that could not be obtained elsewhere."); *Consol. Rail Corp. v. Primary Indus. Corp.*, No. 92 CIV. 4927, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) (deferring depositions of directors and other executives "until it has been demonstrated that they have some unique knowledge pertinent to the issues in these cases."); *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, No. MDL 1428, 2006 WL 1328259, at *10 (S.D.N.Y. May 16, 2006) ("Courts disfavor requiring the depositions of senior executives unless they have personal knowledge of relevant facts or some unique knowledge that is relevant to the action.").

Mr. Leo and Mr. Poole lack unique knowledge. Neither is involved in the daily management of CoreRx and neither receives information regarding CoreRx other than updates from members of CoreRx's management, such as CoreRx's CEO, Ajay Damani. (Leo Declaration (Ex. B) ¶¶ 3, 5; Poole Declaration (Ex. C) ¶¶ 3, 5). Thus, while information regarding Azurity and the Settlement Agreement is not relevant, even if it were, Mr. Damani would be the proper witness to depose as neither Mr. Leo nor Mr. Poole possesses information that Mr. Damani does not also possess. (Leo Declaration (Ex. B) ¶¶ 3, 5; Poole Declaration (Ex. C) ¶¶ 3, 5). Bionpharma itself seems to recognize that fact as its counsel has requested that Mr. Damani's deposition occur after Bionpharma's motion to compel documents concerning Azurity is resolved. (Ex. D ("Concerning the deposition of Mr. Damani, prior to setting a date, please provide CoreRx's position with respect to . . . the First Florida Suit, the CoreRx-Azurity Settlement, and communications between CoreRx and Azurity . . . .")). As Mr. Poole and Mr. Leo lack any "special or unique knowledge that could not be obtained elsewhere," their depositions should be quashed. *Guzman*, 2012 WL 2511436, at *2.

In addition to serving on the board of CoreRx, Mr. Leo and Mr. Poole have senior roles at QHP Capital ("QHP"). Mr. Leo serves as Executive Operating Advisor and serves on the boards of two other companies. (Leo Declaration (Ex. B) ¶ 6). Mr. Poole is a partner in QHP, serves on its board of directors, serves on the Investment Committee for QHP, and is responsible for transaction origination and execution, portfolio company value creation initiatives, investment policy, and investor relations for QHP. (Poole Declaration (Ex. C) ¶ 6). Requiring Mr. Leo and Mr. Poole to prepare for and sit for depositions would be burdensome for them personally, and for QHP and the boards of the companies on which they sit.[2]

---

[2] Further, the depositions for both Mr. Leo and Mr. Poole were noticed for New York, despite neither potential deponent residing in the State of New York. (Ex. A; Leo Declaration (Ex. B) ¶ 7; Poole Declaration (Ex. C) ¶ 7).

Case 1:21-cv-10656-JGK-VF   Document 167   Filed 11/30/22   Page 4 of 4

NORTON ROSE FULBRIGHT

November 29, 2022
Page 4

Respectfully submitted,

*/s/ Anthony Lauriello*

Anthony Lauriello