**NORTON ROSE FULBRIGHT**

January 27, 2023

**VIA ECF**
The Honorable Valerie Figueredo
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States

**Anthony Lauriello**
**Associate**
Direct line +1 212 318 3093
Anthony.lauriello@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

Re:  *Bionpharma Inc. v. CoreRx, Inc.*, Case 1:21-cv-10656-JGK-VF (S.D.N.Y.)

Dear Judge Figueredo:

Pursuant to Local Civil Rule 37.1 and the Court's Individual Practices Rule II.c, we write on behalf of Defendant CoreRx, Inc. ("CoreRx") to seek a pre-motion conference to respectfully request that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) quashing deposition notices for two members of CoreRx's Board of Directors—Vern Davenport and Jeff Edwards—that were issued by Plaintiff Bionpharma Inc. ("Bionpharma").

In an effort to avoid burdening the Court with this request, on January 25, 2022, I met and conferred with Brian Murray, attorney for Bionpharma, for approximately 15 minutes. During that meet and confer, Mr. Murray stated that Bionpharma believes Mr. Davenport and Mr. Edwards should be deposed because they possess information regarding whether CoreRx breached the November 2020 Master Manufacturing Supply Agreement (the "Agreement") concerning the supply of enalapril maleate oral liquid solution (the "Product") and whether the Agreement's limitation of liability clause is enforceable. I explained that CoreRx disagrees with Bionpharma's position and that neither board member has any relevant information. We agreed that the parties are at impasse. I informed Mr. Murray that CoreRx would seek relief from the Court.

**A.     Background**

This case concerns a contractual dispute in which CoreRx agreed to provide the Product to Bionpharma. In October 2021, the holder of the patents for the branded versions of the Product—Azurity Pharmaceuticals ("Azurity")—sued CoreRx for patent infringement based on CoreRx's manufacture and sale of the product to Bionpharma. CoreRx settled with Azurity. As a part of the settlement, CoreRx agreed to no longer supply Bionpharma with the Product. Bionpharma then filed this action in December 2021.

In November 2022, Bionpharma moved to compel the production of communications between Azurity and CoreRx about the settlement and patents for the Product and sought the depositions of CoreRx directors Frank Leo and Ashton Poole. (Dkt. 164, 167.) Similar to Mr. Davenport and Mr. Edwards, Mr. Leo and Mr. Poole are affiliated with QHP Capital ("QHP"). As

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

NORTON ROSE FULBRIGHT

January 27, 2023
Page 2

Bionpharma's counsel explained in its December 9, 2022 letter to the Court, Bionpharma believes that CoreRx's and Azurity's overlapping directors and affiliation with QHP purportedly supports Bionpharma's "belie[f] that the suit and 'settlement' were an artifice to knock Bionpharma's generic off the market for Azurity's benefit" and that the lawsuit against CoreRx must have been a "sham." (Dkt. 175 at 2.) In the December 13, 2022 Discovery Conference, the Court ordered CoreRx to produce communications between Azurity and CoreRx. Bionpharma said that in light of that ruling it would not pursue the depositions at that time of the two CoreRx board members it had noticed for depositions.

Since that Court conference, discovery has shown Bionpharma's "belief" to be meritless. The communications between Azurity and CoreRx show that the settlement was negotiated at arm's length. None of the over 16,000 total documents produced by CoreRx in this case support Bionpharma's assertions. CoreRx's CEO Ajay Damani testified that he learned about the Azurity suit only after it was filed. (Damani Tr., Ex. D at 8:3-12.) Mr. Damani further testified that he consulted with either Mr. Davenport or Mr. Edwards (he could not remember which one) after he received notice of Azurity's lawsuit against CoreRx. The director with whom he spoke informed him that QHP (then part of Novaquest Capital Management) did not "get involved in matters relating to our portfolio companies; they operate independently and act independently" and that Mr. Damani should "figure this out on [his] own." (*Id*. at 8:20-9:10; 58:12-59:5.) Mr. Damani explained that he, in consultation with his legal counsel, made the decision to enter the settlement with Azurity without input from a director. (*Id*. at 15:25-16:6.) Despite the absence of any factual support for its views and without any factual basis for believing either director has unique knowledge, Bionpharma sent a deposition notice on January 20, 2022, seeking Mr. Davenport's and Mr. Edwards's depositions on January 30, 2023. (Ex A.)

**B.      Mr. Davenport and Mr. Edwards Do Not Possess Relevant Information**

Bionpharma claims that Mr. Davenport and Mr. Edwards possess relevant information regarding (1) the circumstances of CoreRx's settlement of the Azurity lawsuit (which includes the provision that CoreRx will not provide the Product to Bionpharma) and (2) Bionpharma's assertion that Azurity and CoreRx colluded in some way—either in the lawsuit filed by Azurity against CoreRx or in the settlement—that (according to Bionpharma) could make the limited liability provision in the Agreement unenforceable. The declarations of Mr. Davenport and Mr. Edwards, however, make clear that they do not possess knowledge on these topics. Neither Mr. Davenport nor Mr. Edwards had any knowledge about any lawsuit filed by Azurity against CoreRx before Azurity sued. (Davenport Decl. (Ex B) ¶ 4; Edwards Decl. (Ex. C) ¶ 4.) Neither Mr. Davenport nor Mr. Edwards (a) was involved in CoreRx's decision to settle with Azurity, (b) discussed settlement with anyone prior to its entry, or (c) knew the parties planned to enter a settlement agreement before they entered the settlement agreement. (Davenport Decl. (Ex B) ¶ 6; Edwards Decl. (Ex. C) ¶ 6.) Neither director is or has been involved in the daily management of CoreRx. (Davenport Decl. (Ex B) ¶ 3; Edwards Decl. (Ex. C) ¶ 3.) Neither director made any decision about or provided any recommendation related to whether CoreRx should or should not stop manufacturing and selling the Product for and to Bionpharma. *Id*. They decided and informed Mr. Damani that they should not be involved in decisions about the lawsuit filed against CoreRx

**NORTON ROSE FULBRIGHT**

January 27, 2023
Page 3

by Azurity because they were affiliated with both entities. (Davenport Decl. (Ex B) ¶ 5; Edwards Decl. (Ex. C) ¶ 5.)

Mr. Damani's deposition has provided all the facts related to the reasons CoreRx decided to settle with Azurity. Mr. Damani testified that the potential damages stemming from the lawsuit filed by Azurity were an "existential threat to CoreRx" and, after weighing a potential indemnity from Bionpharma and the settlement with Azurity, <u>he</u> made a "business decision" in consultation with legal counsel to settle with Azurity and cease the supply of enalapril to Bionpharma. (Damani Tr., Ex. D at 16:23-17:5; 67:10-68:5.) Mr. Davenport and Mr. Edwards have nothing to add to this testimony.

C.   **Mr. Davenport and Mr. Edwards Do Not Have Unique Knowledge**

A deposition of a director should not be permitted unless the opposing party can demonstrate the director has "unique knowledge" pertinent to the issues in the case. *Guzman v. News Corp.*, No. 09 CIV. 9323, 2012 WL 2511436, at *1 (S.D.N.Y. June 29, 2012) (denying deposition because "[p]laintiffs have not produced any evidence that [chairman of the company] has any special or unique knowledge that could not be obtained elsewhere."); *Consol. Rail Corp. v. Primary Indus. Corp.*, No. 92 CIV. 4927, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993); *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, No. MDL 1428, 2006 WL 1328259, at *10 (S.D.N.Y. May 16, 2006) ("Courts disfavor requiring the depositions of senior executives unless they have personal knowledge of relevant facts or some unique knowledge that is relevant to the action.").

Mr. Davenport and Mr. Edwards lack unique knowledge. Neither is involved in the daily management of CoreRx. (Davenport Decl. (Ex B) ¶ 3; Edwards Decl. (Ex. C) ¶ 3.) Neither has any knowledge regarding CoreRx that Mr. Damani does not also possess. (Davenport Decl. (Ex B) ¶ 7; Edwards Decl. (Ex. C) ¶ 7.) In addition, the depositions of the directors would be a burden, both on QHP and them personally, given their senior roles at QHP where both are partners. (Davenport Decl. (Ex B) ¶ 8; Edwards Decl. (Ex. C) ¶ 8.) As Mr. Davenport and Mr. Edwards lack any "special or unique knowledge that could not be obtained elsewhere," their depositions should be quashed. *Guzman*, 2012 WL 2511436, at *2.

Respectfully submitted,

*/s/ Anthony Lauriello*

Anthony Lauriello

SO ORDERED

VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 1-31-2023

A discovery conference is scheduled for Tuesday, February 14, 2023 at 11:30 a.m. Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time. Please dial (888) 808-6929; access code [9781335]. Plaintiff is directed to respond to Defendant's letter (ECF No. 181) by February 9, 2023.