UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BIONPHARMA INC.,

                    Plaintiff,

        -against-

CORERX, INC.,

                    Defendants.
------------------------------------------------------------------X

21-CV-10656 (JGK)(VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      On March 3, 2023, Defendant CoreRx, Inc. ("CoreRx") submitted a letter motion to seal, ECF No. 196, seeking to redact certain portions of its letter and exhibit at ECF Nos. 193 and 194-3 (submitted in compliance with the letter briefing schedule at ECF No. 187). The common law and the First Amendment accord a presumption of public access to judicial documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006). A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139 (2d Cir. 2016) (quoting Lugosch, 435 F.3d at 119). To overcome the presumption of public access over a judicial document, the court must make "specific, on the record findings" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." Lugosch, 435 F.3d at 120 (citation omitted).

      Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." Brown v. Maxwell, 929 F.3d 41, 50 (2d Cir. 2019). "Thus, while a court must still articulate

specific and substantial reasons" for sealing material filed in connection with a discovery dispute, "the reasons usually need not be as compelling as those required to seal" filings connected to a dispositive motion. Id.

Here, the letter containing CoreRx's proposed redactions was filed in connection with a discovery dispute before the Court. As such, the presumption of public access that attaches to these documents is "not particularly great." Alexander Interactive, Inc. v. Adorama, Inc., No. 12-CV-6608 (PKC) (JCF), 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014). Regardless, sealing is only appropriate if the Court can articulate specific and substantial reasons for sealing such material, and if the Court finds that the sealing is narrowly tailored. Brown, 929 F.3d at 50. For instance, courts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business interests and financial information. See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc., No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); Gracyzk v. Verizon Commc'ns, Inc., No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases).

CoreRx states that its letter and exhibit "were produced—or reflect information that was produced by Azurity Pharmaceuticals, Inc ('Azurity') who designated that material 'Confidential'" and requests that the exhibit and portions of the letter referring to the exhibit be sealed "under the Protective Order [entered by Judge Koeltl on May 9, 2022 at ECF 137]." See ECF No. 196 (letter motion to seal). However, "broad citations to [a] Protective Order do not satisfy Lugosch and are, in any event, insufficient to overcome the presumption of access as the 'mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable.'" Tromblee v. New York, No. 19-CV-00638 (BKS) (CFH), 2022 WL 17266979, at *4 (N.D.N.Y. Nov. 29, 2022) (quoting Lugosch, 435 F.3d at 126)

(alteration in original); see also Doe v. U.S. Immigr. & Customs Enf't, No. 19-CV-8892, 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021) ("[T]hat a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document.") (citation and internal quotation marks omitted). CoreRx has "not addressed the weight of the presumption or identified reasons that weigh against disclosure—other than in the most cursory fashion with citation to the Protective Order, which is insufficient to justify sealing." Tromblee, 2022 WL 17266979, at *4.

Based on the standard set forth by the Second Circuit in Lugosch, CoreRx's letter motion to seal is **DENIED without prejudice**. The parties are permitted to submit a renewed letter motion to seal, articulating specifically why sealing is appropriate under the Lugosch standard. Any such letter motion should be submitted by **Friday, March 13, 2023**. The Clerk of Court is directed to maintain ECF Nos. 193 and 194-3 under seal pending submission of a renewed motion. The Clerk of Court is directed to terminate the motion at ECF No. 196.

**SO ORDERED.**

DATED:   New York, New York
         March 6, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge