UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BIONPHARMA INC.,

                              Plaintiff,                       21-CV-10656 (JGK)(VF)

            -against-                                          **ORDER**

CORERX, INC.,

                              Defendant.

------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

       Plaintiff Bionpharma Inc. seeks to take the deposition of Rajiv Khanna, an attorney who represented Defendant CoreRx, Inc. during CoreRx's negotiations of a settlement agreement with its sister company, Azurity Pharmaceuticals, Inc. See ECF No. 193. CoreRx seeks to quash the subpoena. See ECF No. 197. The Court held a conference on March 21, 2023, to address the parties' letter briefs.

       Mr. Khanna possesses relevant information concerning the negotiations of the settlement agreement between CoreRx and Azurity. See ECF No. 193 at 3. As explained by Bionpharma, it was unsuccessful in its attempts to get that information from CoreRx's CEO, Ajay Damani, during his deposition. Additionally, during the conference on March 21, counsel for Bionpharma represented that he intends to focus his questioning of Mr. Khanna on conversations and discussions Mr. Khanna had with Azurity's representatives or counsel during the settlement negotiations. Counsel does not intend to probe into the discussions between Mr. Khanna and his client, Mr. Damani, which would raise concerns about encroachment into the attorney-client privilege. Finally, although CoreRx argues that a request for a deposition of an attorney is

subject to heightened scrutiny, see ECF No. 197 at 2-3, Mr. Khanna is not litigation counsel for CoreRx. Rather, Mr. Khanna served as deal counsel for CoreRx during the settlement negotiations with Azurity, and the case law recognizes a distinction between attempts to depose an adversary's litigation counsel and other attorneys that are not litigation counsel. See, e.g., Calvin Klein Trademark Trust v. Wachner, 124 F. Supp. 2d 207, 211 (S.D.N.Y. 2000).

CoreRx argues that Bionpharma improperly subpoenaed Mr. Khanna after the close of fact discovery, on February 3, 2023. ECF No. 197 at 1-2. Although the subpoena Bionpharma seeks to enforce is dated January 30, 2023—prior to the close of fact discovery—it appears that the subpoena was facially defective because it gave less than one week's notice for Mr. Khanna's appearance. See ECF No. 197 at 1. After the issuance of the subpoena, additional delay was caused by the inability of Bionpharma to serve Mr. Khanna, despite repeated attempts to do so. In any case, Bionpharma has shown good cause for reopening fact discovery for the limited purpose of deposing Mr. Khanna, who has relevant, non-privileged information about the settlement negotiations between CoreRx and Azurity. Accordingly, fact discovery is reopened to permit Bionpharma to take Mr. Khanna's deposition.

**SO ORDERED.**

DATED:	New York, New York
	March 24, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge